UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HAMILTON PROPER PARTNERS ) | Case No. 14-00461-JMC-11 |
| GOLF PARTNERSHIP, L.P. ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**DEBTOR'S FIRST DAY MOTION FOR
AUTHORITY TO OBTAIN POST-PETITION FINANCING**

Hamilton Proper Partners Golf Partnership, L.P., debtor and debtor-in-possession (the "Debtor"), by counsel, files this motion (this "Financing Motion") for entry of an interim and final orders authorizing the Debtor to obtain postpetition financing from Horizon III, LLC ("Horizon"). The proposed form of the interim Financing Order (the "Interim Order") is attached hereto as Exhibit "A". In support of this Financing Motion, the Debtor states as follows:

**I.    Procedural Background**

1.    On January 24, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2.    No trustee or examiner has been appointed in this Chapter 11 Bankruptcy Case. No official unsecured creditors' committee has yet been appointed in this Chapter 11 Bankruptcy Case.

3.    This is a "First Day Motion" as that term is defined in Southern District of Indiana Local Rule ("Local Rule") B-9013-3(f)(2).

4.    The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a

core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (M) and is a matter of federal bankruptcy law.

5.  Proposed counsel for the Debtor has discussed this filing of this Financing Motion with the courtroom deputy for the Honorable James M. Carr, Judge, U.S. Bankruptcy Court for the Southern District of Indiana and a staff attorney for the United States Trustee, in accordance with Local Rule B-9013-3(b).

## II.   Background

6.  Prior to the Petition Date, Horizon loaned money to or for the benefit of the Debtor as documented, recorded and evidenced by various agreements, instruments, and documents entered into in connection therewith, all as may have been amended, modified or restated from time to time (collectively, the "Pre-Petition Agreements").

7.  In accordance with the terms of the Pre-Petition Agreements, the Debtor is indebted to Horizon in the amount of $150,000.00[1] (exclusive of interest and fees accrued and unpaid thereon and other costs, expenses and indemnities) (the "Pre-Petition Indebtedness").

8.  According to the Debtor's preliminary investigation and analysis, HGCC Lender, LLC ("HGCC") has a purported perfected security interest in essentially all assets of the Debtor, including, but not limited to, inventory.

9.  Due to the fact that the Debtor operates a golf course and country club, its operations are seasonally dependent. The Debtor is in its traditionally slow season and as a result is in need of post-petition financing to assist it during this time.

---

[1] This does not include prepaid deposits paid by Horizon for unrelated matters or contingent liabilities under guaranties.

- 2 -

### III. Relief Requested

10. By this Financing Motion, the Debtor seeks authority to enter into certain loan documents (the "Loan Documents") in order to (i) obtain postpetition financing (the "Post-Petition Financing") up to an aggregate principal amount not to exceed $200,000.00 from Horizon to provide necessary funds for payment of ongoing operating expenses and to allow the Debtor to effect a successful reorganization; (ii) grant Horizon, pursuant to § 364(c)(2) and (3) of the Bankruptcy Code, a security interest in: (a) all of the Debtor's after-acquired inventory, subject to a replacement lien in favor of HGCC to the extent of any diminution in value of HGCC's interest in pre-petition inventory; and (b) Debtor's preference action(s) against HGCC; and (iii) grant Horizon, pursuant to § 364(c)(1) of the Bankruptcy Code, priority in payment with respect to such obligations over any and all administrative expenses of the kinds specified in §§ 503(b) and 507(b) of the Bankruptcy Code. A copy of the Loan Documents are attached hereto as Exhibit "B".

11. The Debtor does not have sufficient available sources of working capital and financing to operate its business in the ordinary course of business or operate its business and maintain its property in accordance with state and federal law without the Post-Petition Financing. The Debtor's ability to maintain business relationships with vendors, suppliers and customers, to pay employees and otherwise to finance its operations, is essential to the Debtor's continued viability and expedient reorganization. In addition, the Debtor's need for financing is immediate. In the absence of the Post-Petition Financing, the continued operation of the Debtor's business would not be possible, and serious and irreparable harm to the Debtor and its bankruptcy estate would occur. The preservation, maintenance and enhancement of the going concern value of the Debtor is of the utmost significance and importance to a successful and expedient reorganization of the Debtor under Chapter 11 of the Bankruptcy Code.

12. Given the Debtor's current financial condition, financing arrangements and capital structure, the Debtor cannot obtain unsecured credit allowable under § 503(b)(1) of the Bankruptcy Code as an administrative expense. Financing on a post-petition basis is not otherwise available without the Debtor (i) granting, pursuant to § 364(c)(1) of the Bankruptcy Code, claims having priority over any and all administrative expenses of the kinds specified in §§ 503(b) and 507(b) of the Bankruptcy Code; (ii) securing, pursuant to § 364(c)(3) of the Bankruptcy Code, such indebtedness and obligations with a security interest in and a lien on all of the Debtor's post-petition inventory, subject to a replacement lien in favor of HGCC to the extent of any diminution in value of HGCC's interest in pre-petition inventory; and (iii) securing, pursuant to § 364(c)(2) of the Bankruptcy Code, such indebtedness and obligations with a security interest in and a lien on preference action(s) against HGCC. It is in the best interests of the Debtor, its bankruptcy estate and reorganization prospects to incur the Post-Petition Indebtedness from Horizon, as contemplated herein.

### III.     Basis for the Relief Requested

13. If a debtor is unable to obtain unsecured credit allowable as an administrative expense under § 503(b)(1) of the Bankruptcy Code, then the Court, after notice and hearing, may authorize the debtor to obtain credit or incur debt:

(a)   with priority over any and all administrative expenses of the kind specified in § 503(b) or 507(b) of the Bankruptcy Code;

(b)   secured by a lien on property of the estate that is not otherwise subject to a lien; or

(c)   secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. § 364(c).

14. The Post-Petition Financing and the Loan Documents to be executed in connection therewith are the results of arm's length negotiations between the Debtor and

- 4 -

Horizon. In addition, the terms and provisions of the Post-Petition Financing are fair and reasonable. The Debtor has determined that the Post-Petition Financing, under the terms and conditions set forth herein, is the most favorable financing available and best addresses the Debtor's postpetition financing needs.

15.     Having determined that financing was available only under § 364(c) of the Bankruptcy Code, the Debtor negotiated the Post-Petition Financing pursuant to its business judgment. Provided that this judgment does not run afoul of the provisions of and policies underlying the Bankruptcy Code, courts grant a debtor considerable deference in acting in accordance with its business judgment. *See, e.g., In re YL West 87th Holdings I LLC*, 423 B.R. 421, 441 (Bankr. S.D. N.Y. 2010) ("Courts have generally deferred to a debtor's business judgment in granting section 364 financing."); *Bray v. Shenandoah Fed. Sav. & Loan Ass'n*, 789 F.2d 1085, 1088 (4th Cir. 1986) (approving debtor-in-possession financing necessary to sustain seasonal business); *In re Ames Department Stores*, 115 B.R. 34, 40 (S.D.N.Y. 1990) ("Cases consistently reflect that the court's discretion under Section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or their purpose is not so much to benefit the estate as it is to benefit parties in interest.").

16.     The Post-Petition Financing is not out-of-line with current debtor-in-possession financing in these difficult economic times. As credit has contracted even in the non-insolvency world, the number of lenders in the insolvency world has decreased and the terms of any such lending have become more demanding. It is particularly difficult to obtain unsecured credit or subordinated secured credit.

17.     The Debtor has determined that the Post-Petition Financing is necessary for the Debtor to operate its business and for the Debtor's successful reorganization. The Post-Petition

Financing will assist the Debtor during its traditionally slow season and will allow the Debtor to successfully reorganize. Accordingly, the Debtor believes that the Post-Petition Financing is in the best interests of the Debtor's bankruptcy estate and creditors and will allow the Debtor to maximize the value of its assets for all creditors.

WHEREFORE, the Debtor respectfully requests that the Court (i) authorize the Debtor to obtain the Post-Petition Financing from Horizon pursuant to the terms and conditions set forth herein, in the Interim Order, and in the Loan Documents; (ii) enter the Interim Order substantially in the form and substance of Exhibit "A" attached hereto; (iii) set a final hearing to consider entry of a final order authorizing on a final basis, *inter alia*, the Post-Petition Financing; and (iii) grant all other just and proper relief.

Respectfully submitted,

DALE & EKE, P.C.

By:  /s/ Meredith R. Theisen
    Meredith R. Theisen (Atty. No. 28804-49)
    Deborah J. Caruso (Atty. No. 4273-49)
    Erick P. Knoblock (Atty. No. 18296-49)
    DALE & EKE, P.C.
    9100 Keystone Crossing, Suite 400
    Indianapolis, Indiana 46240
    Tel: (317) 844-7400
    Fax: (317) 574-9426
    Email: mtheisen@daleeke.com
    Attorneys for the Debtor

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2014, a copy of the foregoing *Debtor's First Day Motion for Authority to Obtain Post-Petition Financing* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- James E. Carlberg    jcarlberg@boselaw.com, mwakefield@boselaw.com
- Jeannette Eisan Hinshaw    jeannette.hinshaw@usdoj.gov
- U.S. Trustee ustpregion10.in.ecf@usdoj.gov

I further certify that on January 24, 2014, a copy of the foregoing *Debtor's First Day Motion for Authority to Obtain Post-Petition Financing* was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

None.

       /s/ Meredith R. Theisen
Meredith R. Theisen