UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HAMILTON PROPER PARTNERS GOLF ) | Case No. 14-00461-JMC-11 |
| PARTNERSHIP, L.P. ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**OBJECTION OF HGCC LENDER, LLC TO DEBTOR'S AMENDED
MOTION FOR AUTHORITY TO OBTAIN POST-PETITION FINANCING**

HGCC Lender, LLC ("HGCC"), by counsel, in support of its Objection of HGCC Lender, LLC to Debtor's Amended Motion for Authority to Obtain Post-Petition Financing (the "Amended Financing Motion") [1] states as follows:

### I. Factual And Procedural Background

1. The Debtor's primary asset and business operations are a golf course and country club known as "The Hawthorne's Golf and Country Club" located at 12255 Club Point, Fishers, Indiana 46038.

2. The Debtor is an Indiana limited partnership, whose general partner is HDG HPPGP, Genpar, LLC an Indiana limited liability company ("HDG"). The sole member of HDG is HVG Investments, LLC an Indiana limited liability company ("Investments"). The Chairman, President, and CEO of Investments is Harold D. Garrison ("Garrison"). Garrison also owns or otherwise controls Horizon III LLC ("Horizon") the proposed lender of funds to the Debtor.

3. The Debtor filed its Petition in this case on January 24, 2014 and at that time filed *Debtor's First Day Motion for Authority to Use Cash Collateral for Operating*

---

[1] The Debtor filed a Motion for Authority to Obtain Post Petition Financing ("Original Motion") on January 24, 2014 (Docket No. 12). HGCC filed its objection thereon (Docket No. 29) and incorporates those objections herein.

*Expenses and Granting Replacement Liens* (the "Cash Collateral Motion"). (Docket No. 10). On February 13, 2014, based upon the consent of HGCC, the Court entered its Interim Order Authorizing Debtor to Use Cash Collateral for Operating Expense and Scheduling Final Hearing (the "Cash Collateral Order"). (Docket No. 55). Pursuant to the Cash Collateral Order, to the extent of any diminution of HGCC's Cash Collateral, HGCC was granted a first priority replacement lien on all of Debtor's post-petition assets and was granted a super priority administrative expense.

4. HGCC's collateral has been or will be diminished by Debtor's use of Cash Collateral. This is evidenced by the fact that the Debtor has filed the Amended Financing Motion seeking to borrower up to $200,000.00 as a result of cash flow deficits and losses incurred, or to be incurred, by the Debtor.

5. HGCC is by far the Debtor's largest creditor, and is the holder of certain loans made by to the Debtor with an unpaid balance exceeding $4.75 million. The loans made by HGCC to the Debtor are secured by mortgages and first priority security interests in substantially all of the Debtor's real and personal property.

6. HGCC's loan was made December 30, 2005 and was originally in the amount of $5.65 million. The loan matured and was due and payable in full on December 31, 2010. The loan maturity date has been extended three (3) times and HGCC and Debtor have previously entered into a forbearance agreement. Most recently, on June 28, 2013, the loan maturity date was extended to December 31, 2013.

7. The Debtor has been unable to repay the indebtedness due and owing to HGCC and, in fact, defaulted on its payments to HGCC on September 1, 2013. As a result, HGCC instituted a mortgage foreclosure action in the Hamilton Superior Court on

October 10, 2013.  In the foreclosure action, HGCC, once again, granted the Debtor sixty (60) days to finalize and close on a perspective loan with Community Bank to satisfy the indebtedness due and owing to HGCC.  Even now, many months later, the Debtor has been unable to obtain such a loan.

8. The Debtor's current financial problems and its operating deficits are a legacy and a direct result of the Debtor's prior business practices and continuing losses. The Debtor's financial difficulties are in great part attributable to the Debtor's owners and affiliates charges to the Debtor for salary reimbursements, Guarantee Fees, Partner Fees, Management Fees, and Asset Fees.  In 2013 these fees, totaled $490,717.04  In past years, when the Debtor has had cash flow difficulties, it instituted a programs to have members prepay their membership dues ("Prepaid Dues Program") and prepay their food and beverage minimum purchases at the Golf Club ("Prepaid Food Minimum").   In essence, the Debtor in prior years has asked its members to loan it the funds to finance its losses which are significantly related to the fees then paid to the Debtor's owners and affiliates.

9. Under the Debtor's Prepaid Dues Program, many members have prepaid hundreds of thousands of dollars in dues for periods of time of up to 7 or 8 years in advance.  As it relates to the Debtor's operations, for 2014, the Debtor received, in 2013 or prior years, prepayments of membership dues from 22 members which would otherwise be payable during 2014.  The  prepayments of 2014 dues was in the amount of $116,940.00 in annual dues, or $9,745.00 per month in dues.

10. Additionally, the Debtor's Prepaid Food Minimum Program resulted in 213 members (almost 50%) making payments to the Debtor during the fourth quarter of

2013 in an amount of $298,626.00.[2] The impact of these prepayments is that the Debtor must provide, post-petition, on a monthly basis, $24,885.00 of food and beverages to its members, for which it now receives no current payment.

11. The combined impact of the Debtor's Prepaid Dues Program and Prepaid Food Minimum Program is $34,630.00 per month or approximately $415,560.00 for 2014.

## II. The Amended Financing Motion Has Provided an Insufficient Basis and Foundation for the Loan

12. The Debtor, as a result of its current and projected operating deficits, now seeks to obtain post-petition financing of $200,000.00 from Horizon and to grant Horizon a security interest in all of the Debtor's after acquired inventory and proceeds subject to HGCC's replacement lien and grant Horizon a Super Priority Administrative Expense. (*See* Amended Financing Motion, paragraph 8). The post-petition financing would have an interest rate of 3% and would be due and payable on a sale of substantially all of the Debtor's assets pursuant to Bankruptcy Code §363; the entry of a final order confirming a plan in this bankruptcy case; or an event of default as defined in the proposed financing order.

13. The Debtor's motion fails to disclose that the proposed lender, Horizon III LLC, is an affiliate of the Debtor; is owned by the Debtor's principal, Harold D. Garrison, and is thus an insider. Horizon is one of many affiliates of Mr. Garrison and the Debtor which regularly engage in funding transaction for the Debtor. The proposed loan and its terms are a thinly disguised attempt to control the direction and outcome of this case.

---

[2] As a part of the Debtor's operations it requires members to incur certain food and beverage minimum charges during a year in the amount of approximately $1,402.00. The members were offered a discount to prepay these minimum amounts

2531096/25397-1                                         4

14. The Debtor asserts it does not have sufficient available sources of working capital to operate its business. The Debtor has provided no evidence to establish that it has insufficient sources of working capital or that it is has any need for the post-petition financing. The Debtor has failed to provide any projections or budgets of its operations (a) establishing its need for the proposed financing of $200,000.00, or (b) the scope of its operating deficits for the entire year 2014. There is no specific disclosure of the Debtor's propose uses of the $200,000.00 loan. The Debtor should be required to submit a budget of its operations for the year 2014 and make full disclosure of it proposed uses of the loan funds. Further, the Debtor provides no evidence of its inability to obtain financing on an unsecured basis. In fact, Mr. Garrison has already consented to a $10,000.00 loan on an unsecured basis as set forth in the Cash Collateral Order. Finally, the Debtor never asked HGCC if it would consider making loans to the Debtor.

15. Horizon, as an insider, should not be provided with the proposed enhancements suggested by the Note, Security Agreement and Proposed Order, none of which are disclosed in the Amended Financing Motion.

### III. **The Proposed Revolving Line of Credit Note is inappropriate.**

16. The Debtor has attached to the Amended Financing Motion as Exhibit A, a proposed revolving line of credit note ("Note"). The Note is inappropriate and improper in the following respects, among other matters:

> a. The Amended Financing Motion does not request approval of a revolving line of credit. The Debtor does not propose repayment of the Note on an interim basis and the Debtor subsequently re-borrowing on the loan. The Note should be a simple form of Note, not a revolving line of credit note. In fact, the debtor does not project any ability to have the funds to repay this loan from operations.

2531096/25397-1                                   5

      b.      The Note provides for a default rate of interest of an additional 3% per annum. As this Note is to an insider, such a default interest provision is inappropriate.

      c.      The events of default are inappropriate. A default would include a failure of the Debtor to pay interest on a monthly basis. As this loan is between the Debtor and an insider, the Debtor should not be allowed to create a default by failing to pay a $500.00 monthly interest payment. Further a default relating to a misrepresentation is inappropriate as the Debtor and Horizon are the only parties who would know whether a representation is true or not. Similarly, a failure by the Debtor to comply with other terms on conditions should not be deemed an event of default under the circumstances of the proposed insider loan.

      d.      The Note (as well as paragraphs 6 & 10 of the Proposed order) provides that the Debtor would be required to pay the lender's attorneys' fees in connection with the Note, including lenders' attorneys' fees relating to the origination of the loan. The Note and Proposed Order should clarify that the Debtor is not to make payment of any attorneys' fees or other costs, expenses, or loan fees in connection with the loan origination and that there shall be no entitlement to attorneys' fees or costs absent a default.

      e.      A number of other provisions are objectionable and HGCC can provide a more detailed listing if it becomes necessary.

### IV. **The Proposed Security Agreement is inappropriate**

17.    The terms and provisions of the Security Agreement attached to the Amended Financing Motion as Exhibit B are inappropriate in the following respects:

      a.      The description of Collateral is inappropriate in that it fails to distinguish between pre-petition inventory and post-petition inventory.

      b.      The definition "Secured Obligations" should be clarified to make it clear that it does not include any pre-petition indebtedness due and owing to Horizon.

      c.      The term "HGCC Liens" should be amended to include not only HGCC's replacement liens but also its pre-petition liens.

      d.      Paragraph 4.6 of the Security Agreement prohibits Debtor from granting any further liens on the Collateral. The Debtor, subject to authorization by this Court, should be permitted to grant other subordinate liens on the Collateral.

      e.      Paragraph 5.2, Acceleration and Remedies, is inappropriate in the context of an insider loan in a bankruptcy. The proposed insider lender, Horizon,

should be required to seek relief from this Court before exercising any remedies. Similarly, Paragraph 5.3 should be deleted from the Security Agreement.

  f. Paragraph 7.3(ii), permitting the secured party to collect proceeds of the Collateral, should be deleted from the Security Agreement and the Security Agreement should specifically provide that the proposed insider lender, Horizon, may not take any action to collect from the Collateral without authorization from this Court.

  g. A number of other provisions are objectionable and HGCC can provide a more detailed listing if it becomes necessary.

### V. The Proposed Interim Financing Order is inappropriate

18. The proposed Interim Financing Order ("Proposed Order"), which is 18 pages long, is inappropriate in the context of a loan to the Debtor from its affiliated insider. The Proposed Order contains many provisions which are not disclosed or requested in the Amended Financing Motion. The Court should adopt a simple form of order. The Proposed Order is inappropriate in the following respects:

  a. The Proposed Order states the Debtor will grant a security interest to Horizon in "after acquired inventory" when it should say "inventory acquired post-petition by the Debtor".

  b. The Order should simply state that any lien granted to Horizon is subject to "HGCC's Lien" granted under the Cash Collateral Order and should not in any respect attempt to redefine or limit that lien.

  c. The Proposed Order provides Debtor will grant Horizon a lien on preference actions. This was not requested in the Amended Financing Motion and is inappropriate. The US Trustee and HGCC objected to the Original Motion in this regard.

  d. The Proposed Order attempts to assert that Horizon will be provided a super priority administrative claim. It should be clarified that to the extent any such super priority administrative expense claim is granted, it shall be junior to that granted to HGCC as provided by the Cash Collateral Order or, at best, on a parity with any other similar super priority administrative claim.

  e. The Proposed Order attempts to provide for the allowance of Horizon's pre-petition claim in the amount of $150,000.00. As Horizon is an insider, this requested relief should be denied. Also, as stated above, the Order should specifically provide that Horizon's pre-petition loan shall not in any

manner be secured by the Collateral. The Proposed Order also seeks to limit the rights of parties in interest, such as HGCC, to the Horizon claim.

 f. The Proposed Order should require that the Debtor attach a schedule indicating the purposes for which the loan funds shall be utilized and providing that the funds may not be used for any purpose not set forth in and provided to be paid in the budgets attached to the Cash Collateral Order including any extensions thereof.

 g. Paragraph 4(b) of the Proposed Order appears to state that the Debtor will receive a Junior Lien in all other inventory of the Debtor. This is inconsistent with the Amended Financing Motion and should be deleted.

 h. The provisions of Paragraphs 4 and 5 of the Proposed Order should provide that the liens granted to Horizon shall in all respects be subordinate to HGCC's pre-petition and post-petition liens.

 i. Paragraph 6 of the Proposed Order should provide that no proceeds from the Collateral should be applied to Horizon's costs, fees, expenses, and attorneys' fees, unless there has been a default and unless the Court has authorized Horizon to exercise its default remedies. Additionally, the second paragraph included in Paragraph 6, restricting future liens, should be deleted from the Proposed Order and as this issue may be dealt with in the event the Debtor seeks any additional financing.

 j. Paragraphs 8 and 10 of the Proposed Order granting Horizon automatic relief from the stay should be deleted from the Proposed Order. The Proposed Order should provide that the insider lender, Horizon, should not be entitled to exercise any remedies with respect to the Collateral without seeking the authorization of this Court.

 k. Paragraph 9(iii) of the Proposed Order should be deleted from the Proposed Order as the Court should have the authority to grant super priority administrative expenses to other creditors or parties as an interest as appropriate. Similarly, Paragraph 9(v) relating to the appointment of an examiner should be deleted from the Proposed Order.

 l. Paragraph 9(xiii) in effect gives Horizon a veto over a plan and is highly objectionable.

 m. Subparagraphs 9(vii), (viii), (ix) and (xii), should be deleted from the Proposed Order as inappropriate under the circumstances of an insider loan.

 n. Paragraph 11 of the Proposed Order should be deleted from the Proposed Order as it is inappropriate to allow any other claims of Horizon or for payment of fees and expenses of Horizon's counsel.

  o. Paragraph 17 of the Proposed Order providing for a release of Debtor's claims against Horizon should be deleted from the Order.

  p. A number of other provisions are objectionable and HGCC can provide a more detailed listing if it becomes necessary.

WHEREFORE, HGCC Lender, LLC respectfully requests that the Court:

  A. Deny the Amended Financing Motion unless the Debtor can establish its need for the funds with competent evidence; meet the requirements of Bankruptcy Code Section 364; and provides appropriate budgets showing the results of its proposed operations for 2014 and the proposed uses of the loan funds.

  B. If it grants the Amended Financing Motion, then the loan documents and Proposed Order shall be amended to reflect the objections set forth herein and HGCC's further objections.

  C. Grant such other relief as may be appropriate under the circumstances.

      Respectfully submitted,

      /s/ *James E. Carlberg*
      James E. Carlberg
      Attorney No. 3117-49
      James P. Moloy
      Attorney No. 10301-49
      Bose McKinney & Evans LLP
      111 Monument Circle, Suite 2700
      Indianapolis, Indiana 46204
      (317) 684-5000
      (317) 684-5173 (Fax)
      jcarlberg@boselaw.com
      jmoloy@boselaw.com

Mikel R. Bistrow  
California Bar No. 102978  
FOLEY & LARDNER LLP  
3579 Valley Centre Drive  
Suite 300  
San Diego, CA 92130-3316  
(858) 847-6700  
(858) 792-6773 (Fax)  
mbistrow@foley.com  

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Mikel Renay Bistrow
mbistrow@foley.com
cburke@foley.com

Jason R. Burke
jburke@hopperblackwell.com
kellis@hopperblackwell.com

James E. Carlberg
jcarlberg@boselaw.com
mwakefield@boselaw.com

Mikel Renay Bistrow
mbistrow@foley.com

Christopher Celentino
ccelentino@foley.com

Deborah Caruso
dcaruso@daleeke.com
mtheisen@daleeke.com

George W. Hopper
ghopper@hopperblackwell.com
mroth@hopperblackwell.com

Jay Jaffe
jay.jaffe@faegrebd.com

Dustin R. DeNeal
Dustin.deneal@faegrebd.com

Erick P Knoblock
eknoblock@daleeke.com
dwright@daleeke.com

Joseph F. McGonigal
joe.mcgonigal@usdoj.gov

James P. Moloy
jmoloy@boselaw.com
dlingenfelter@boselaw.com
mwakefield@boselaw.com

Meredith R. Theisen
mtheisen@daleeke.com

George Henry Abel, II
gabel@easterandcavosie.com

Henry A. Efroymson
henry.efroymson@icemiller.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov
joe.mcgonigal@usdoj.gov

I further certify that on the 6th day of March, 2014, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

*/s/ James E. Carlberg*
James E. Carlberg