UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HAMILTON PROPER PARTNERS ) | Case No. 14-00461-JMC-11 |
| GOLF PARTNERSHIP, L.P. ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**DEBTOR'S MOTION FOR AUTHORITY TO INCUR SECURED POSTPETITION DEBT UNDER EQUIPMENT LEASE AGREEMENT**

Hamilton Proper Partners Golf Partnership, L.P., debtor and debtor-in-possession (the "Debtor"), by counsel, files this motion (this "Lease Motion") for entry of an Order authorizing the Debtor to enter into a Lease Agreement (the "New Lease") with VGM Financial Services ("VGM") pursuant to which the Debtor would incur postpetition debt on a secured basis for the lease of fifty-two (52) golf carts. In support of this Lease Motion, the Debtor states as follows:

**I.     Procedural Background**

1.     On January 24, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2.     No trustee or examiner has been appointed in this Chapter 11 Bankruptcy Case. On February 12, 2014, an Unsecured Club Members' Committee was appointed in this Chapter 11 Bankruptcy Case pursuant to § 1102(a)(1) of the Bankruptcy Code.

3.     The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (D) and (M) and is a matter of federal bankruptcy law.

## II. Background

4. The Debtor requires the use of good quality golf carts for the operation of its golf course.

5. Prior to the Petition Date, VGM leased to the Debtor fifty (50) 2010 Club Car Precedent Electric Golf Cars (the "Old Golf Carts") pursuant to the terms of a Master Lease Agreement entered into between VGM and the Debtor on or about December 18, 2009 (the "Old Lease"). A true and accurate copy of the Old Lease is attached hereto as Exhibit "A".

6. The Debtor has made all lease payments due under the Old Lease, with the last such payment due and paid in October 2013. Accordingly, the Debtor is not currently indebted to VGM, subject to the return to VGM of the Old Golf Carts upon the expiration of the Old Lease on March 31, 2014.

7. The terms of the proposed New Lease are substantially similar to those of the Old Lease.

## III. Proposed New Lease

8. On January 14, 2014, the Debtor accepted a conditional offer (the "Offer") by Midwest Golf & Turf, LLC ("Midwest") to enter into the New Lease with VGM. Midwest would be the supplier of the golf carts under the New Lease. A true and accurate copy of the Offer is attached hereto as Exhibit "B". A true and accurate copy of the proposed New Lease is attached hereto as Exhibit "C".

9. The New Lease provides in pertinent part as follows:

    a. VGM will lease to the Debtor fifty-two (52) 2014 Club Car Precedent I2 Electric Excel Golf Cars together with all attachments and accessories thereto (the "New Golf Carts").

    b. The Debtor will make forty-three (43) monthly lease payments as follows: A monthly payment of $7,451.60 (the "Standard Payment") is due in each May, June, July, August, September and October until a total of twenty-

    four (24) Standard Payments have been made. A payment of $0.00 is due each November, December, January, February, March and April. The total number of payments includes both the Standard Payment months and the $0 payment months. Thus, the total amount of lease payments will be $178,838.40. The first due date for a Standard Payment will be determined by VGM based on the date it pays the supplier of the New Golf Carts, but is expected to be in May 2014.

 c. The New Lease is intended to be governed by Article 2A of the Uniform Commercial Code ("UCC"), pursuant to which the Debtor would be entitled to the promises and warranties provided to VGM by Midwest.

 d. The Debtor will grant VGM a first priority security interest in the New Golf Carts to secure all obligations of the Debtor to VGM, and to protect VGM in the event the New Lease is determined to be governed by Article 9 of the UCC.

 e. The Debtor will pay all taxes, fees and government charges related to the New Lease.

 f. The Debtor will indemnify VGM for claims and losses related to the New Golf Carts.

 g. The Debtor will keep the New Golf Carts insured, and will name VGM as an additional insured and loss payee.

 h. The Debtor will pay a late charge of $25.00 or an amount up to ten percent (10%) of any past-due payment, whichever is greater.

 i. Relevant events of default are: (1) The Debtor fails to pay any sum due; (2) the Debtor fails to observe or perform any other term of the New Lease; (3) the Debtor encumbers or disposes of the New Golf Carts without VGM's written consent; (4) any representation or warranty made by the Debtor in connection with the New Lease proves to have been materially misleading; and (5) the Debtor is in default under any other contract or agreement with VGM.

 j. At the end of the original term of the New Lease, the Debtor must return the New Golf Carts to VGM.

## IV. Relief Requested

10. By this Lease Motion, the Debtor seeks authority to enter into the New Lease in order to (i) lease the New Golf Carts for use in the operation of the Debtor's golf course; (ii) pursuant to § 364(c) of the Bankruptcy Code, incur postpetition debt in the aggregate amount of

$178,838.40 representing the total of all lease payments due under the New Lease; and (iii) pursuant to § 364(c)(2) of the Bankruptcy Code, grant VGM a first priority security interest in the New Golf Carts.

11. The New Lease is a standard form of lease for like golf carts. Accordingly, the Debtor is unable to enter into a similar lease for like golf carts without granting liens as required under the New Lease. Lease financing for like golf carts on a post-petition basis is not otherwise available without the Debtor securing, pursuant to § 364(c)(2) of the Bankruptcy Code, such indebtedness and obligations with a security interest in and a lien on the leased golf carts. It is in the best interests of the Debtor, its bankruptcy estate and reorganization prospects to enter into the New Lease as contemplated herein.

12. The Debtor will be able to fund the lease payments under the New Lease from its general operating funds and cash collateral pursuant to interim or final Cash Use Orders and budgets approved by the Court.

13. In the absence of the relief requested in this Lease Motion, the continued operation of the Debtor's business would be significantly jeopardized, and serious and irreparable harm to the Debtor and its bankruptcy estate would occur. The preservation, maintenance and enhancement of the going concern value of the Debtor are of the utmost significance and importance to a successful and expedient reorganization of the Debtor under Chapter 11 of the Bankruptcy Code.

### V. Basis for the Relief Requested

14. If a debtor is unable to obtain unsecured credit or incur unsecured debt allowable as an administrative expense under § 503(b)(1) of the Bankruptcy Code, then the Court, after notice and hearing, may authorize the debtor to obtain credit or incur debt:

  (a)  with priority over any and all administrative expenses of the kind specified in § 503(b) or 507(b) of the Bankruptcy Code;

  (b)  secured by a lien on property of the estate that is not otherwise subject to a lien; or

  (c)  secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. § 364(c).

  15. The New Lease is the result of arm's length negotiations between the Debtor, VGM and Midwest. In addition, the terms and provisions of the New Lease are fair and reasonable, and are standard in the industry. The Debtor has determined that the New Lease is the only lease available for the particular golf carts required in the Debtor's business and best addresses the Debtor's need to incur postpetition debt for the lease of such golf carts.

  16. Having determined that the Debtor could incur postpetition debt pursuant to the New Lease only under § 364(c) of the Bankruptcy Code, the Debtor negotiated the New Lease pursuant to its business judgment. Provided that this judgment does not run afoul of the provisions of and policies underlying the Bankruptcy Code, courts grant a debtor considerable deference in acting in accordance with its business judgment. *See, e.g., In re YL West 87th Holdings I LLC*, 423 B.R. 421, 441 (Bankr. S.D. N.Y. 2010) ("Courts have generally deferred to a debtor's business judgment in granting section 364 financing."); *Bray v. Shenandoah Fed. Sav. & Loan Ass'n*, 789 F.2d 1085, 1088 (4th Cir. 1986) (approving debtor-in-possession financing necessary to sustain seasonal business); *In re Ames Department Stores*, 115 B.R. 34, 40 (S.D.N.Y. 1990) ("Cases consistently reflect that the court's discretion under Section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or their purpose is not so much to benefit the estate as it is to benefit parties in interest.").

17.     The Debtor has determined that the New Lease is necessary for the Debtor to operate its business and for the Debtor's successful reorganization.  Accordingly, the Debtor believes that the New Lease is in the best interests of the Debtor's bankruptcy estate and creditors and will allow the Debtor to maximize the value of its assets for all creditors.

### VI.     Expedited Relief

18.     The Debtor requests this Court's approval of the New Lease prior to March 31, 2014 to allow for a smooth transition from the Old Golf Carts to the New Golf Carts without any disruption to golfers using the Debtor's golf course.  Therefore, the Debtor is filing a motion to shorten notice on this Lease Motion.

WHEREFORE, the Debtor respectfully requests that the Court, upon shortened notice, (i) authorize the Debtor to enter into the New Lease with VGM; (ii) enter a final order authorizing the Debtor to incur secured postpetition debt under the New Lease on a final basis as set forth herein; and (iii) grant all other just and proper relief.

Respectfully submitted,

DALE & EKE, P.C.

By:     /s/ Erick P. Knoblock
    Erick P. Knoblock (Atty. No. 18296-49)
    Deborah J. Caruso (Atty. No. 4273-49)
    Meredith R. Theisen (Atty. No. 28804-49)
    DALE & EKE, P.C.
    9100 Keystone Crossing, Suite 400
    Indianapolis, Indiana 46240
    Tel: (317) 844-7400
    Fax: (317) 574-9426
    Email: eknoblock@daleeke.com
    Attorneys for the Debtor

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2014, a copy of the foregoing *Debtor's Motion for Authority to Incur Secured Postpetition Debt under Equipment Lease Agreement* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

    George Henry Abel    gabel@easterandcavosie.com, jjeffries@easterandcavosie.com
    Mikel Renay Bistrow    mbistrow@foley.com, cburke@foley.com
    Jason R Burke    jburke@hopperblackwell.com, kellis@hopperblackwell.com
    James E. Carlberg    jcarlberg@boselaw.com, mwakefield@boselaw.com
    Deborah Caruso    dcaruso@daleeke.com, mtheisen@daleeke.com
    Christopher Celentino    ccelentino@foley.com
    Dustin R. DeNeal    dustin.deneal@faegrebd.com, sandy.engle@faegrebd.com; sarah.herendeen@faegrebd.com
    Henry A. Efroymson    henry.efroymson@icemiller.com
    George W. Hopper    ghopper@hopperblackwell.com, mroth@hopperblackwell.com; ghopper@hopperblackwell.com
    Jay Jaffe    jay.jaffe@faegrebd.com, sarah.herendeen@faegrebd.com
    Erick P Knoblock    eknoblock@daleeke.com, dwright@daleeke.com
    Joseph F McGonigal    joe.mcgonigal@usdoj.gov, joe.mcgonigal@usdoj.gov
    James P Moloy    jmoloy@boselaw.com, dlingenfelter@boselaw.com; mwakefield@boselaw.com
    Meredith R. Theisen    mtheisen@daleeke.com
    U.S. Trustee    ustpregion10.in.ecf@usdoj.gov

I further certify that on March 13, 2014, a copy of the foregoing *Debtor's Motion for Authority to Incur Secured Postpetition Debt under Equipment Lease Agreement* was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

| | | |
|---|---|---|
| Britten & Julie Killinger<br>10813 Club Point<br>Fishers, IN 46037 | Dr. & Mrs. Russell Dilly<br>289 Breakwater Drive<br>Fishers, IN 46037 | James & Nancy Martin<br>10622 Thorny Ridge Trace<br>Fishers, IN 46037 |
| Justin & Kimberly Boswell<br>11098 Preservation Point<br>Fishers, IN 46037 | L.G. & Alyce Edwards<br>10818 Club Point<br>Fishers, IN 46037 | Mr. & Mrs. Bernie Lacy<br>8802 Spinnaker Court<br>Indianapolis, IN 46256 |
| Mr. & Mrs. Chad Owen<br>12077 Proper Pass<br>Fishers, IN 46037 | Mr. & Mrs. Dan Hutmacher<br>11225 Hawthorn Ridge<br>Fishers, IN 46037 | Mr. & Mrs. David Dutro<br>8621 Seaward Lane<br>Indianapolis, IN 46256 |
| Mr. & Mrs. James Peterson<br>11827 Sea Star Drive<br>Indianapolis, IN 46256 | Mr. & Mrs. Jim Ratliff<br>11999 Talnuck Circle<br>Fishers, IN 46037 | Mr. & Mrs. John Lacy<br>150 Breakwater Drive<br>Fishers, IN 46037 |
| Mr. & Mrs. Kevin Broderick<br>13264 Talon Crest Drive<br>Fishers, IN 46037 | Mr. & Mrs. Thomas Grant<br>10825 Club Point<br>Fishers, IN 46037 | NADM<br>c/o Michael Leeds<br>5100 Town Center Circle, Suite 650<br>Boca Raton, FL 33486 |

| | | |
|---|---|---|
| Olinger Distributing (Oliver, Jim)<br>5337 W. 78th Street<br>Indianapolis, IN 46268 | Phillip & Karen Scaletta<br>7256 Tulip Tree Trail<br>Indianapolis, IN 46256 | Robert & Bev Hartig<br>13563 Marjac Way<br>McCordsville, IN 46055 |
| Sana Corp.<br>c/o Michael Leeds<br>5100 Town Center Circle, Suite 650<br>Boca Raton, FL 33486 | Tim & Allison Meta<br>10108 Muirfield Trace<br>Fishers, IN 46037 | TW Telecon Inc.<br>Linda Boyle<br>10475 Park Meadow Dr., #400<br>Littleton, CO 80124 |
| National City Commercial Capital Company, LLC<br>995 Dalton Avenue<br>Cincinnati, OH 45203 | VGM Financial Services, a Division of TCF Equipment Finance, Inc.<br>1111 W. San Marnan<br>Waterloo, IA 50701 | Accord Financial, Inc.<br>25 Woods Lake Road, Suite 102<br>Greenville, SC 29607 |
| GPSI Leasing, LLC<br>1074 N. Orange Avenue<br>Sarasota, FL 34236 | U.S. Foods, Inc.<br>9399 West Higgins Road<br>Rosemont, IL 60018 | PNC Equipment Finance, LLC<br>995 Dalton Avenue<br>Cincinnati, OH 45203 |
| HDG HPPGP GENPAR, L.L.C.<br>c/o HDG Investments, LLC<br>10 West Market Street, Suite 1200<br>Indianapolis, IN 46204 | Sunset, L.L.C.<br>10 West Market Street, Suite 1200<br>Indianapolis, IN 46204 | VGM Financial Services<br>Aaron Meyer<br>1111 W. San Marnan Dr., Ste. A2 W<br>Waterloo, IA 50701-8926 |

    /s/ Erick P. Knoblock
Erick P. Knoblock