SO ORDERED: March 18, 2014.



James M. Carr
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HAMILTON PROPER PARTNERS | ) | Case No. 14-00461 |
| GOLF PARTNERSHIP, L.P. | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**ORDER AUTHORIZING POST-PETITION FINANCING**

This matter is before the Court on the *Debtor's First Day Motion for Authority to Obtain Post-Petition Financing* (the "Motion"), filed on January 24, 2014, and subsequently amended on February 26, 2014, by Hamilton Proper Partners Golf Partnership, L.P., debtor and debtor-in-possession (the "Debtor"), seeking entry of an Order authorizing the Debtor (i) to obtain post-petition financing (the "Post-Petition Financing") up to an aggregate principal amount not to exceed $200,000.00 from Horizon III, LLC ("Horizon") and (ii) to grant Horizon an administrative claim, pursuant § 503(b)(1) of the Bankruptcy Code, and this Court having found good and sufficient cause appearing therefore, hereby enters the following Order:

1.  The Motion is granted, subject to the terms, modifications, and conditions set forth in this Order.

2.  The Debtor is hereby authorized to obtain the Post-Petition Financing pursuant to the terms and conditions of this Order and 11 U.S.C. § 364(a).  This Order shall control all aspects of the Post-Petition Financing and supercedes the terms of the Motion or any documents executed to evidence the Post-Petition Financing.

3.  The Post-Petition Financing shall be an unsecured loan made to the Debtor up to the principal amount of $200,000.00, with interest at the rate of 3.0% per annum, to be utilized by the Debtor to purchase inventory and pay expenses to operate the Debtor's business; provided however, only those operating expenses permitted to be paid pursuant to the Interim Order Authorizing Debtor To Use Cash Collateral  for Operating Expenses and Scheduling Final Hearing entered on February 2, 2014 (Docket No. 68) as extended by further extension orders, from time to time, (the "Cash Collateral Order") may be paid from the Post-Petition Financing. The Post-Petition Financing shall not obligate Horizon to advance any funds to the Debtor, and any and all advances made to the Debtor shall be at the sole and absolute discretion of Horizon.

4.  In accordance with § 503(b)(1) of the Bankruptcy Code, all sums due Horizon pursuant to the Post-Petition Financing shall be an administrative expense of the Debtor's bankruptcy estate.

5.  The provisions of this Order and all actions taken pursuant hereto shall survive entry of any subsequent order which may be entered, including without limitation (a) confirming any plan of reorganization in the Chapter 11 Case (and any funds advanced  under the Post-Petition Financing shall not be discharged by the entry of any such order or pursuant to § 1141(d)(4) of the Bankruptcy Code, the Debtor having hereby waived such discharge); (b)

converting the Chapter 11 Case to a Chapter 7 Case; or (c) dismissing the Chapter 11 Case, and the terms and provisions of this Order shall continue in full force and effect until all funds loaned under the Post-Petition Financing have been repaid in full to Horizon.

6. The Post-Petition Financing shall only become due in full on the earlier date of: (a) the entry of an order dismissing the Chapter 11 case or converting the case to a Chapter 7 case; (b) the entry of an order appointing a Chapter 11 Trustee in the Chapter 11 case; (c) the entry of an order staying, reversing, vacating or otherwise modifying the Post-Petition Financing under this Order without Horizon's prior written consent; (d) the entry of an order confirming a Chapter 11 plan in the Chapter 11 case and such Chapter 11 Plan becoming effective; or (e) the entry of an order authorizing the sale of all or a substantially all of the Debtor's assets. Thereafter, to receive payment of the Post-Petition Financing, the Debtor or Horizon shall be required to file a motion for payment of the administrative expense and, after notice and a hearing, obtain an order from the court allowing the administrative expense and authorizing payment of the administrative expense.

7. The Debtor shall provide, in its weekly accountings to HGCC Lender, LLC, the Official Unsecured Club Members Committee and Golden Investment VIII, LLC, a line item for all draws on the Post-Petition Financing and account for the use of the funds. Furthermore, the Debtor or Horizon, respectively, shall immediately notify these parties if either determines that no further funds will be advanced to the Debtor pursuant to the Post-Petition Financing.

8. The Court hereby finds that the Post-Petition Financing to be extended by Horizon to the Debtor pursuant to this Order has been extended by Horizon in good faith pursuant to 11 U.S.C. § 364(e).

9. The terms and conditions of this Order shall be binding upon all creditors, and parties in interest, including without limitation, the Debtor and the Official Unsecured Club Members Committee.

###